UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 03251

---

MULTI-VET LTD.,

        *Plaintiff,*

   -against-

PREMIER PET PRODUCTS, INC.,

        *Defendant.*

08 Civ. _____

RECEIVED
APR 0 1 2008
U.S.D.C./S.D.N.Y.
CASHIERS

---

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114), FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)), AND FOR COMMON LAW UNFAIR COMPETITION

The plaintiff, Multi-Vet Ltd. ("Multi-Vet"), by its attorneys, Abelman, Frayne & Schwab, for its complaint against the defendant, Premier Pet Products, Inc. ("Premier"), alleges as follows:

### THE PARTIES

1.    Multi-Vet is and was at all relevant times a Canadian limited liability company with an office at 17420 rue Centrale, Saint-Hyacinthe, Quebec, Canada J2T 3L7.

2.    Multi-Vet is one of the world's leading providers of animal behavioral systems designed to assist with the modification of pet behavior.

3.    Upon information and belief, the defendant Premier is and was at all relevant times a corporation organized and existing under the laws of Virginia, with a business office at 14201 Sommerville Ct., Midlothian, VA 23113-6884.

4.    Upon information and belief, Premier manufactures and sells, *inter alia*, the "Gentle Spray Bark Citronella Anti-Bark

Collar" and "Gentle Leader Spray Sense Anti-Bark Collar" in interstate commerce and within this Southern District of New York.

## JURISDICTION AND VENUE

5.    This is an action seeking injunctive relief and damages for trademark infringement in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1114(1), for false designation of origin in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1125(a), and for related pendent acts of unfair competition in violation of plaintiff's common law rights.

6.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7.    This Court has also jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    By this action, Multi-Vet seeks to enjoin Premier, and those acting in concert with it, from deliberately attempting to confuse the public concerning the source, origin or sponsorship of, *inter alia*, its spray products for dog behavior modification and training, and from seeking to trade upon and destroy Multi-

- 2 -

Vet's distinctive "GENTLE SPRAY®" trademark, and its business reputation and good will.

10. Since at least 2001, Multi-Vet has sold dog training collars prominently identified using its "GENTLE SPRAY®" trademark.

11. Multi-Vet owns all rights to Federal Registration Nº· 2,762,487, for the trademark "GENTLE SPRAY®" (the "'487 Registration").

12. The '487 Registration issued on September 9, 2003, is registered on the principal register maintained by the United States Patent and Trademark Office, and is valid and subsisting.

13. The '487 Registration constitutes *prima facie* evidence of the validity of Multi-Vet's "GENTLE SPRAY®" trademark, and of its exclusive right to use the trademark in commerce.

14. Long before the acts of Premier complained of herein, as the result of the promotion and sale of goods identified by its "GENTLE SPRAY®" trademark, and as a result of the high quality of goods offered in connection with the trademark, the "GENTLE SPRAY®" trademark has acquired a valuable reputation and is now recognized by consumers as originating from and being associated only with products originating from Multi-Vet.

15. As a direct result of this usage, the unique and distinctive "GENTLE SPRAY®" trademark has become well-known and is associated by the public with Multi-Vet, and it represents a business and good will of significant value.

16. Premier has sold and is selling dog training collars in the United States bearing the infringing designations "Gentle Spray" and "Gentle Leader Spray Sense" in direct competition with Multi-Vet's products.

## AS AND FOR A FIRST CLAIM SEEKING
## INJUNCTIVE AND MONETARY RELIEF FOR
## TRADEMARK INFRINGEMENT (15 U.S.C §1114)

17.   Multi-Vet realleges paragraphs 1 through 16 as if fully set forth herein.

18.   Premier' sale of dog training collars bearing the infringing designations "Gentle Spray" and "Gentle Leader Spray Sense" is without the permission, consent or authorization of Multi-Vet, constitutes trademark infringement, and gives rise to a likelihood of confusion, deception and mistake among the public.

19.   Upon information and belief, Premier used the designations "Gentle Spray" and "Gentle Leader Spray Sense" with the willful purpose and intent of misleading the public and trading upon the good will and reputation associated with Multi-Vet's "GENTLE SPRAY®" trademark.

20.   These acts violate the Trademark Act of the United States, and constitute infringement of Multi-Vet's registered "GENTLE SPRAY®" trademark in violation of 15 U.S.C. § 1114 *et seq.*

21.   On account of Premier's activities, the public is likely to be confused, misled or deceived as to the source, origin or sponsorship of Premier's products and services, and Multi-Vet has suffered irreparable injury, including injury to its reputation and good will, for which it has no adequate remedy at law.

22.   On account of Premier's activities in this State, County and Southern District of New York, and in interstate commerce, Multi-Vet has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

- 4 -

**AS AND FOR A SECOND CLAIM SEEKING INJUNCTIVE
AND MONETARY RELIEF FOR FALSE DESIGNATION OF
<u>ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)</u>**

23.  Multi-Vet realleges paragraphs 1 through 22 as if fully set forth herein.

24.  Premier's use of the "Gentle Spray" and "Gentle Leader Spray Sense" designations to identify its dog training collars constitutes the offering of goods bearing, and the use of false and misleading descriptions and representations of fact in interstate commerce, and violates the Trademark Act of the United States.

25.  By reason of the foregoing, the public is likely to be confused, misled or deceived, and Multi-Vet is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

26.  Upon information and belief, Premier developed and used the "Gentle Spray" and "Gentle Leader Spray Sense" designations with knowledge that they were false, misleading and deceptive, and with the intent to unfairly compete with Multi-Vet.

27.  On account of the activities of Premier in this State, County and Southern District of New York, Multi-Vet has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A THIRD CLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR
<u>COMPETITION IN VIOLATION OF THE COMMON LAW</u>**

28.  Multi-Vet realleges paragraphs 1 through 27 as if fully set forth herein.

29.  This cause of action arises under the common law.

30.   Premier's use of the "Gentle Spray" and "Gentle Leader Spray Sense" designations is misleading and confusing the public and creates a likelihood of injury to Multi-Vet's public image and reputation.

31.   Upon information and belief, as a result of Premier's use of the "Gentle Spray" and "Gentle Leader Spray Sense" designations, the public is likely to falsely associate the attributes and characteristics of Multi-Vet's products to the dog training collars originating from Premier.

32.   By reason of the foregoing, Premier has engaged and is continuing to engage in acts of unfair competition in violation of the common law.

33.   Upon information and belief, Premier adopted the "Gentle Spray" and "Gentle Leader Spray Sense" designations with knowledge that they were misleading and with the intent to confuse, mislead and deceive consumers, and to unfairly compete with Multi-Vet.

34.   By reason of the foregoing, Multi-Vet is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

35.   On account of the activities of Premier in this State, County and Southern District of New York, and throughout the United States, Multi-Vet has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**WHEREFORE,** Multi-Vet demands judgment:

a. preliminarily and permanently enjoining and restraining Premier, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from:

(i) manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying dog training collars or any other products using any marks confusingly similar to Multi-Vet's "GENTLE SPRAY®" trademark, including but not limited to the "Gentle Spray" and "Gentle Leader Spray Sense" designations;

(ii) making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of dog training collars or any other products using any marks confusingly similar to Multi-Vet's "GENTLE SPRAY®" trademark, including but not limited to the "Gentle Spray" and "Gentle Leader Spray Sense" designations; and

(iii) engaging in any other activity constituting infringement of Multi-Vet's "GENTLE SPRAY®" trademark or unfair competition with Multi-Vet;

b. directing that Premier, at its own expense, recall all of its product and marketing, promotional, and advertising material which bears or incorporates the "Gentle Spray" and "Gentle Leader Spray Sense" designations, or any designations confusingly

- 7 -

similar to Multi-Vet's "GENTLE SPRAY®" trademark, which have been manufactured, distributed, sold or shipped by it;

c.    directing that Premier deliver to Multi-Vet's attorneys or representatives for destruction all products, labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control bearing the "Gentle Spray" and "Gentle Leader Spray Sense" designations, or any marks confusingly similar to Multi-Vet's "GENTLE SPRAY®" trademark, and all plates, molds, matrices and any other means of making the same;

d.    directing that Premier file with the Court and serve on Multi-Vet's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein with in thirty (30) days of receipt of service of any such order or injunction;

e.    directing such other relief as the Court may deem appropriate to prevent the public from being misled or deceived;

f.    awarding Multi-Vet its damages caused by Premier's manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of dog training collars or any other products bearing the "Gentle Spray" and "Gentle Leader Spray Sense" designations, or any designation confusingly similar to Multi-Vet's "GENTLE SPRAY®" trademark, and Premier's total profit realized thereby, and that such award be trebled pursuant to 15 U.S.C. § 1114 *et seq.*;

g.    for an assessment of costs, interest and attorneys' fees incurred by Multi-Vet; and

h.    for such other and further relief as the Court deems just.

Dated: April 1, 2008          **ABELMAN FRAYNE & SCHWAB**
      New York, NY

Lawrence E. Abelman (LA 6486)
Michael Aschen (MA 6336)
666 Third Avenue
New York, NY 10017
(212) 949-9022

Counsel for the Plaintiff