IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MULTI-VET LTD., )
)
    Plaintiff and )
    Counterclaim Defendant, ) Civil Action No. 08-cv-03251
)
v. )
) PROPOSED STIPULATED
PREMIER PET PRODUCTS, LLC, ) SCHEDULING ORDER
)
    Defendants and )
    Counterclaim Plaintiff. )
)

The parties jointly submit the following proposed Scheduling Order in accordance with the Court's Order for Conference Pursuant to Rule 16(b):

(1)    Date of the conference: **June 23, 2008 at 11:30 a.m.**

Appearance for Plaintiff/Counterclaim Defendant, **Multi-Vet, Ltd.**:

Lawrence E. Abelman, Abelman, Frayne & Schwab, 666 Third Avenue, New York, NY 10017, (212) 949-9022.

Michael Aschen, Abelman, Frayne & Schwab, 666 Third Avenue, New York, NY 10017, (212) 949-9022.

Anthony J. Filippi, Abelman, Frayne & Schwab, 666 Third Avenue, New York, NY 10017, (212) 949-9022.

Appearance for Defendant/Counterclaimant, **Premier Pet Products, LLC**:

Keith E. Sharkin, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, (212) 556-2100; and

Christopher J. Sorenson, Merchant & Gould, P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2215, (612) 332-5300, (admitted pro hac vice).

Kristine M. Boylan, Merchant & Gould, P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2215, (612) 332-5300, (admitted pro hac vice).

Elizabeth A. Zidones, Merchant & Gould, P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2215, (612) 332-5300, (admitted pro hac vice).

(2)    Concise statement of the issues:

**Plaintiff /Counterclaim Defendant Multi-Vet, Ltd's issues.** (1) Whether Premier's use of the GENTLE SPRAY and NO SHOCK trademarks violates the Lanham Act or violates the common law prohibition against unfair competition, and (2) the measure of the damages caused to Multi-Vet by Premier's infringement of the GENTLE SPRAY and NO SHOCK trademarks.

**Defendant/Counterclaimant Premier Pet Products, LLC's issues.** (1) Whether Premier committed trademark infringement, false designation of origin or unfair competition by using the GENTLE SPRAY name; (2) Whether Multi-Vet sustained damages due to Premier's alleged trademark infringement, false designation of origin and unfair competition; (3) Whether Multi-Vet's use of Premier's GENTLE SPRAY name and packaging is unfair competition, trademark infringement and a false designation of origin; (4) Whether Multi-Vet's use of Premier NO SHOCK NO PAIN mark is unfair competition, trademark infringement and a false designation of origin; (5) Whether Premier has and continues to suffer irreparable harm as a result of Multi-Vet's conduct, or (alternatively) as incurred damages, and (if so) what is the proper measure of damages; (6) Whether Premier is the equitable owner of the GENTLE SPRAY trademark.

    (3)    Schedule:

        (a)    The names of persons to be deposed and a schedule of planned depositions:

            (i) The plaintiff intends, at this time, to depose some or all of the following individuals: Evan Wooton, Thanna Vickerman, Sharon Madere, Sharon Bennett and Charles Mann. The time and place of the depositions are to be agreed upon. The plaintiff reserves its right to depose additional individuals whose identifies are disclose through discovery.

            (i) Defendant intends, at this time, to take the depositions of some or all of the following individuals:

        Richard Garon, Roger Garon, Mark Garon, David Garon, Max Garon, Michael Garon, Peter Garon, Douglas Belknap. The time and place of these depositions are to be agreed upon.

(b)   A schedule for the production of documents.

    (i)   The parties will complete their respective Rule 26(a)(1), including the production of all documents identified, and the production of a log identifying documents withheld on the basis of privilege on or before **July 31, 2008.**

(c)   Dates by which (i) each expert's reports will be supplied to the adversary side, and (ii) each expert's deposition will be completed.

(i) The parties will each submit expert reports under Rule 26(a)(2)(B) on issues for which they bear the burden of proof by: **December 22, 2008.** Rebuttal expert reports will be submitted by: **January 23, 2009.** (ii) Expert depositions will be completed by: **February 28, 2009.**

The Parties further agree to the following provisions concerning the use of expert testimony in this manner:

1. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

2. Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 5, below.

3. Unless leave of Court is applied for and given, no expert reports other than the Initial and Rebuttal Reports described in paragraph (c)(i) above shall be permitted.

4. No application under paragraph 5 shall be filed later than 30 days before the Final Pretrial Conference.

5. The application for leave of Court referred to in paragraphs 1 - 3 above shall: (a) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (b) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (c) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its opponent if the additional expert report is permitted.

    6. Within ten (10) days after the filing of an application pursuant to paragraph 5, the other party may file an opposition to the application, dealing with the issues of: (i) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

    7. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

    8. Drafts of expert reports shall not be retained or produced, and the parties further agree that correspondence between counsel and testifying experts is immune from discovery under the attorney work product doctrine and therefore will not be produced absent an appropriate showing of substantial need for such materials under the Rules. The parties further agree that there may be inquiry at deposition of any testifying expert, into whom, if anyone, other than the expert participated in the drafting of his/her report and what the respective contributions were.

(d)      Time when discovery is to be completed: **February 28, 2009.**

(e)      The parties will serve proposed findings as to those issues on which they have the burden of proof: **March 31, 2009.** Counterfindings to be served: **April 15, 2009.** Reply counterfindings will be submitted by: **April 30, 2009.**

(f)      The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial: **May 15, 2009.**

(g)      Final Pre-Trial Conference: To be determined by the Court.

(4)      A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

    The parties agree to be bound by the limitations imposed upon the number of discovery requests and depositions as set forth in the Federal Rules of Civil Procedure, as modified by the Southern District of New York's Local Rules.

The parties anticipate that they will negotiate an acceptable protective order to protect confidential technical and business information and will submit the same to the Court for approval.

(5)     A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

None

(6)     Anticipated fields of expert testimony, if any.

<u>Multi-Vet's proposed fields of expert testimony</u>.  Without waiving its right to identify additional experts as the case develops, the plaintiff expects to offer the testimony of a: (1) Damages Expert, to quantify and opine concerning the monetary damage incurred by the plaintiff as the result of defendant's infringing activities, (2) a Marketing and Advertising expert to testify concerning the damages to the plaintiff's goodwill, reputation and business as the result of defendant's infringing activities, and (3) a Survey Expert to quantify and opine concerning the likelihood of confusion resulting from the defendant's infringing activities.

<u>Premier Pet's proposed fields of expert testimony</u>.  Without waiving the right to call further experts as discovery progresses, Premier expects to call: (1) Damages expert – to testify about the Multi-Vet's claims for damages, and the harm (whether economic or otherwise) caused by Multi-Vet's conduct; and (2) Marketing/Advertising expert – to testify about the value and impact of the GENTLE SPRAY mark and packaging and the NO SHOCK NO PAIN mark on marketing, sales, revenues and/or consumer perception as to the quality of Premier's products.

(7)  Anticipated length of trial and whether to court or jury.

The parties anticipate that trial will comprise eight (8) to ten (10) days. Trial will be by jury.

(8)  This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the Scheduling Conference or when justice so requires.

Dated July 1, 2008

KING & SPALDING LLP

By: /s/ Keith E. Sharkin
Keith E. Sharkin

Attorneys for Defendant
and Counterclaim Plaintiff
1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2100

ABELMAN, FRAYNE & SCHWAB

By: /s/ Michael Aschen
Michael Aschen

Attorneys for Plaintiff
and Counterclaim Defendant
292 Madison Avenue
New York, NY 10017
(212) 685-7600

MERCHANT & GOULD

By: /s/
Christopher J. Sorenson
Elizabeth A. Ziclones

Attorneys for Defendant
and Counterclaim Plaintiff
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
(612) 332-5300

Dated: _____, 2008
New York, New York

SO ORDERED: _____
Lawrence M. McKenna
United States District Court