

**Merchant & Gould P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
612.332.5300 (phone)
612.332.9081 (fax)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/08

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULTI-VET LTD., | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 08-cv-03251 (LMM) |
| | ) |
| PREMIER PET PRODUCTS, LLC, | ) |
| | ) |
| Defendants and | ) STIPULATED PROTECTIVE ORDER |
| Counterclaim Plaintiff. | ) |

The parties, Plaintiff MULTI-VET, LTD. and Defendant PREMIER PET
PRODUCTSC, LLC hereby respectfully request that the following Protective Order
("Protective Order") be entered by the Court pursuant to Federal Rule of Civil Procedure
26(c) and the Procedures for Electronic Case Filing for the Southern District of New York.
Each party has proprietary documents, things and information that are protected in the
normal course of business, but will likely be discoverable in this litigation. Examples of the
sensitive documents and information that the parties seek to protect include business methods
and strategies, confidential agreements, and information on sales, costs and profit margins.

1

Public disclosure of such information may irreparably harm each party's ability to compete in the marketplace.

Pending entry of this Protective Order by the Court, the parties agree to abide by its terms and to treat designated materials as if this Protective Order were in full force and effect.

1.    **General:**  In accordance with the procedures and restrictions set forth below, any party or nonparty to this litigation (hereinafter "designating party") may designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" in whole or in part, information contained in any material produced, provided or generated as a part of this litigation. Designated material may include, but is not limited to, deposition testimony and transcripts, deposition exhibits, documents and things produced in response to requests for production or subpoenas, answers to interrogatories, responses to requests for admissions, pleadings, testimony, court filings, correspondence, and exhibits provided to the Court. The parties agree to designate information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

2.    **Nondisclosure of Sensitive Information:**  Nothing designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" will be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order. The parties may agree to specific exceptions, as provided in paragraph 12 below.

**3.    Use of Confidential and Restricted Confidential Information in General:**
Nothing designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" will be used by any recipient for any purpose other than in connection with the above-captioned action.

**4.    "Confidential" Information:** A designating party may designate as "CONFIDENTIAL" any information that pertains to or is used by the designating party in its business, which has not been made public and which the designating party would not normally reveal to third parties or, if so revealed, would require such third parties to maintain in confidence. Examples of information that may be designated as "CONFIDENTIAL" include, but are not limited to, sensitive financial information, licensing information, confidential business information, or other information that could harm the competitive position of the designating party.

**5.    "Restricted Confidential" Information:** A designating party may designate as "RESTRICTED CONFIDENTIAL" information that party believes will result in competitive injury if disclosed other than to counsel of record of the opposing party as provided in this Stipulation.

**6.    Physical Designation of Documents as Confidential:** Documents or tangible items will be designated confidential within the meaning of this Protective Order in the following ways by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner:

> (a)    In the case of documents and the information contained therein, by placing in a conspicuous manner on each page of the document the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL";

3

(b)    In the case of correspondence and discovery responses and the information contained therein, by placing in a conspicuous manner on the page(s) containing the confidential information the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL";

(c)    In the case of deposition transcripts, by following the procedures set forth in paragraph 14;

(d)    In the case of tangible items, by visibly marking in a conspicuous manner the item or, if not practical, by marking in a conspicuous manner the container or a tag attached to the item, "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL";

(e)    In the case of court filings, by filing under seal;

(f)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced will be considered as marked "RESTRICTTED CONFIDENTIAL." After the inspecting party selects documents for copying, the producing party will mark as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" the copies of the documents that contain confidential information prior to producing the copies to the inspecting party.

7.    **Oral Designation of Documents Produced for Inspection:** In lieu of marking the original documents or other material prior to inspection, the designating party or its counsel

4

may designate any document or other material being produced for inspection as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" either orally or in correspondence. Such a designation, whether oral or written, will temporarily subject the identified material as being subject to this Protective Order. However, copies of documents and things subsequently delivered to inspecting counsel must be marked as required by this Protective Order, subject to the provisions of paragraph 8 below.

8.     **Inadvertent Disclosure and Misdesignation:**  If a party (the "producing party") inadvertently provides confidential information without marking the information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information ("Inadvertent Disclosure"), or designates information with according to a level of confidentiality inapposite with the definitions of such levels in paragraphs 4, 5, and 6 above ("Misdesignation"), the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" nature of the disclosed information. Inadvertent Disclosure or Misdesignation will not be deemed a waiver of confidentiality or the level of confidentiality. Upon notice at any time by a producing party to a recipient that material has been Inadvertently Disclosed or Misdesignated, the recipient will thereafter treat the material under the newly requested designation. The recipient will also take all reasonable steps to prevent any improper use or further disclosure of the material, and to regain any material that has been sent to persons who would not have access to the material under the newly requested designation. The receiving party does not waive and is not precluded from challenging the producing party's initial or newly requested designation as provided in paragraph 16 below.

5

9.    **Filing of Confidential Information With the Court:**  If a party wishes to file "CONFIDENTIAL" or "RESTRICTED CONFIDENTAIL" information with the Court, it will do so only after obtaining authorization from the court pursuant to Procedures for Electronic Case Filing 6. At the request of the filing party, the designating party may consent to the materials not being filed under seal. Where possible, only confidential portions of filings with the Court will be filed under seal. Any copies of papers filed under seal delivered to the opposing party will be identified as having been filed under seal; for example, the identification of documents filed under seal may be made in accompanying correspondence, or documents filed under seal may be provided in an envelope marked "FILED UNDER SEAL."

10.    **Access to "RESTRICTED CONFIDENTIAL" Information:**  Access to material designated "RESTRICTED CONFIDENTIAL" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, will be limited to:

    (a)    the parties' outside counsel of record;

    (b)    the assistants of outside counsel (including secretaries, paralegals, word processors, graphical artists, and clerks) actually assisting such counsel in preparation of this case, provided however, that such assistants have access to designated material only to the extent necessary to perform their duties;

    (c)    the nonparty experts or consultants, including their secretarial and personnel, retained to assist counsel in this case who become

6

qualified to receive material designated under the Protective Order in accordance with the procedure identified in paragraph 13 below;

(d)   On behalf of plaintiff Mr. Richard Garon, and on behalf of defendant Mr. Charles Mann, who are required by it to work directly on this litigation, with disclosure only to the extent necessary to perform such work; and

(e)   the Court, court personnel involved with this case, court reporters involved in transcribing deposition or other proceedings in this litigation, and videographers involved in recording depositions, provided that they be subject to the terms of this Protective Order and provided that they are provided designated material only to the extent necessary to perform their duties.

11.   **Access to "CONFIDENTIAL" Information:** Disclosure of information designated as "CONFIDENTIAL," and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, will be limited to:

(a)   the parties' outside counsel of record;

(b)   the assistants of outside counsel (including secretaries, paralegals, word processors, graphical artists, and clerks) actually assisting such counsel in preparation of this case, provided however, that such assistants have access to designated material only to the extent necessary to perform their duties;

7

(c)    the nonparty experts or consultants, including their secretarial

and personnel, retained to assist counsel in this case who become

qualified to receive material designated under the Protective Order in

accordance with the procedure identified in paragraph 13 below;

(d)    the Court, court personnel involved with this case, court

reporters involved in transcribing deposition or other proceedings in

this litigation, and videographers involved in recording depositions,

provided that they be subject to the terms of this Protective Order and

provided that they are provided designated material only to the extent

necessary to perform their duties; and

(e)    up to two (2) employees of the nonproducing party

who, at least seven (7) days prior to disclosure of any

designated material, will sign an undertaking as set forth in

Exhibit A below and provide a copy of the signed undertaking

to the other party.

**12. Requests for Specific Exceptions to Paragraphs 10 - 11.**  In the event that counsel

believes there is a need to disclose documents or information marked "CONFIDENTIAL" or

"RESTRICTED CONFIDENTIAL" to a person or persons other than those permitted to

receive such documents or information by paragraphs 10 - 11, the parties will confer.  Upon

request from counsel seeking authorization for disclosure, counsel for the party that produced

the documents or information at issue will participate in a conference at the earliest

opportunity.  The parties will make a good faith attempt to resolve the issue of whether the

designated information at issue may be disclosed as requested.  If an agreement is reached,

that agreement will be memorialized in writing. In the event counsel cannot reach an agreement, any party may bring before the Court the question of whether the requested disclosure of designated information is warranted. If such a matter is brought before the Court, it is the burden of the party opposing the disclosure to show that it is reasonably likely that the requested disclosure could result in competitive injury.

13.    **Independent Experts:**  The parties may retain independent experts and consultants to testify and/or assist them in this action. These experts may have access to Confidential and Attorneys' Restricted Confidential information as provided in paragraphs 10 - 11 above subject to the following conditions:

(A)    At no time during his or her engagement will any such expert or consultant be, or have any intention of becoming, an officer, director, major shareholder (i.e., over 5% ownership), employee, representative, or agent of any entity engaged in direct competition with the producing party;

(B)    Nonparty experts or consultants will execute an Undertaking in the form attached as Exhibit B. No designated materials will be provided to any expert or consultant before that expert or consultant has executed the Undertaking. The original of each expert's and consultant's Undertaking will be maintained by counsel for the party engaging the expert, at least through the conclusion of this action; and

(C)    All experts and consultants will use information and materials provided to them under the terms of this Protective Order solely in

9

connection with their charge by counsel of record in this litigation.
They are prohibited from disclosing any such materials or information,
or any materials or information denied there from, to any person not
entitled to receive the materials or information under the provisions of
this Protective Order.

14.    **Deposition Procedures**: Subject to the terms of this Protective Order,
"CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" may be disclosed by a receiving
party at the deposition or depositions of:

(a)    the present employees, directors or officers of the producing
party;

(b)    an author, addressee, or other person indicated as a recipient of
a document containing the information;

(c)    an independent consultant or expert otherwise qualified under
this Protective Order to receive such information;

(d)    any person for whom authorization is obtained at or before the
deposition from the producing party or from the Court; or

(e)    a person who is a material and competent witness with respect
to a document containing the information, or a person identified as an
author or recipient of the information through discovery, investigation,
by the deponent's own testimony, or by the testimony of another
competent witness. Prior to any disclosure under this subparagraph

10

(e), notice must be given to the producing party of the specific

information to be given the deponent. Notice may be oral or written.

If the identification of the deponent as an author or recipient comes

during the deposition, notice may be given at the deposition. If an

objection to disclosure is made, the designated information may not be

disclosed to the deponent until the objection is resolved by the parties

or until the Court decides disclosure is warranted. The parties will

make a good faith attempt to resolve the issue of whether the specific

designated information may be disclosed to the deponent. In the event

counsel cannot reach an agreement, any party may bring the question

before the Court. If such a matter is brought before the Court, it is the

burden of the party opposing the disclosure to show a reasonable belief

that the requested disclosure would result in competitive injuries. If

the deposition is concluded before the matter is resolved, and the Court

subsequently rules that the deponent may be questioned about the

designated information, then the designating party whose objection

previously prevented such questioning will bear the reasonable costs

of continuing the deposition for purposes of that questioning.

If during the course of a deposition taken in this action, any questions are to be asked or any

answers are to be given regarding confidential material, no one may be present during that

portion of the deposition other than the deponent, the deponent's counsel, and persons and

entities identified in paragraphs 10 - 11 above.

11

15.    **Deposition Transcripts and Discovery Materials:** A party or nonparty may designate information disclosed during a deposition as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by so indicating at the deposition, either by statement on the record or by statement to the court reporter, videographer, and all counsel attending the deposition. If designation is made at the deposition, the designating party must request that the court reporter mark the designated portions of the deposition transcript with "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as appropriate. The designating party will be responsible for correcting any errors in such markings of the transcript within the 21-day period provided below.

Regardless of whether notice was given at the deposition, every deposition transcript and all information exchanged in the course of a deposition, except for information explicitly designated as nonconfidential by the producing party, will be considered "RESTRICTED CONFIDENTIAL" for 21 days after delivery of transcripts to the parties. Each party will have until 21 days after receipt of the deposition transcript in which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." The right to make such designation will be waived unless made within the 21-day period. The 21-day period may be reduced or extended by agreement of the parties, and any requests for reduction or extension of such time period will not be unreasonably refused. Designation of entire deposition transcripts is rarely, if ever, reasonable and is therefore disfavored.

16.    **Resolution of Disputes:** Nothing in this Protective Order will be construed as preventing a party from opposing another party's or nonparty's designation of materials. Acceptance by a party of any information, document, or thing designated as

12

"CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" will not constitute a concession that the information, document or thing is appropriately designated. Similarly, failure to object to a designation will not constitute an admission that the material was properly designated.

A party opposing a designation will serve a written objection, including a statement of the grounds for the objection, on the designating party or nonparty. Following service of the written objection, the objecting party must allow the designating party a period of five (5) business days from the receipt of the objection to modify or withdraw its designation. If the designation is not modified or withdrawn within that five-day period, the objecting party may move the Court for an order modifying or removing the designation. The designating party may move the Court for an order confirming the designation at any time after receipt of service of the objection. The first party to file a motion will be the moving party, all later filed motions will be withdrawn. Regardless of which party is the moving party, the designating party or nonparty will bear the burden of proof to justify the disputed designation.

17.    **Security:** Each recipient of designated material will maintain such material in a secure, safe area and will exercise the same standard of care with respect to the storage, custody, use and dissemination of such material.

18.    **Disclosure to Unauthorized Person:** If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on

13

its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

19.    **Limitations on Applicability of Protective Order:**  This Protective Order will have no effect upon, and its scope will not extend to:

      (a)    any party's use of its own information;

      (b)    information that was not received from a producing party pursuant to this Protective Order;

      (c)    information publicly available or otherwise known to the public before the date of its transmission to the receiving party, or which becomes publicly available or otherwise known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents in violation of this Protective Order or other law.

20.    **Nonwaiver:**  This Protective Order will not prejudice to the rights of any party to oppose production of any information on grounds other than confidentiality.  For example, nothing in this Protective Order will be construed as requiring disclosure of information, documents, or things that go beyond the scope of appropriate discovery in this case.  Any party's designation of any information, document, or thing as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" or any party's objections or lack of objections thereto, will not in any way affect or be admissible as to any evidentiary matters; such matters will be governed by the applicable law of evidence.  Additionally, nothing in this Protective Order

14

will affect any matter of attorney-client privilege, work product doctrine, or other privileges or immunities; such matters will be governed by the applicable laws of privilege or immunity.

21.    **Advice by Counsel:** Nothing in this Protective Order will bar or restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" pursuant to this Protective Order, so long as the content of such information is not disclosed to a person not authorized to receive such information under the provisions of this Protective Order.

22.    **Non-Party Reliance on Order:** If discovery is sought of a person not a party to this action ("nonparty") requiring disclosure of such nonparty's confidential information, the confidential information disclosed by such nonparty may be designated by the nonparty as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information, as provided under this Protective Order, and will be subject to the same protection and procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information.

23.    **Non-Party Requests for Information Subject to This Order:** If any party is required to respond to a government or court order, subpoena, or any request for discovery in litigation that requests, describes or encompasses information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by someone other than that party, the party receiving the demand will provide written notice to the designating party at least fourteen (14) days prior to the anticipated disclosure. If any such subpoena, order or discovery request requires compliance in less than fourteen (14) days, the Party receiving the

15

subpoena, court order or discovery request shall promptly notify the other party of the anticipated disclosure and petition the court in which the action under investigation is pending to postpone compliance for at least 14 days.

24.    **Subsequent Modifications of Order:**  This Protective Order will not prevent any party or nonparty from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders.  Subject to the approval of the Court, the parties may also agree among themselves to modify or vacate this Protective Order, provided that all persons and entities (including nonparties) who have designated information or documents pursuant to the provisions of this Protective Order are in agreement.

25.    **Renegotiation for Trial.**  The parties understand that the Court may have specific preferences for how information is handled in the courtroom, and may not wish to rule on how confidential information will be handled at trial at the outset of the litigation. Accordingly, this Protective Order will be effective for all designated documents and information up until trial begins, and will continue to be effective during and after trial with respect to designated documents and information not presented or disclosed at trial.  Prior to the pretrial conference in this action, or no later than two weeks before trial if there is no scheduled pretrial conference, counsel for the parties will attempt to reach agreement on the handling of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information to be presented at trial, and will submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

26.    **Continuation of Obligations and Jurisdiction After Conclusion of Action:**  Unless otherwise agreed or ordered, all provisions of this Protective Order restricting the communication or use of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"

information will continue to be binding after the conclusion of this action. The United States District Court for the Southern District of New York will retain jurisdiction to enforce this Protective Order even after termination of this lawsuit.

27.    **Retention of Designated Information After Conclusion of Action.** Upon conclusion of the litigation, including any appeals, a party may retain documents or information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by another person or entity only as specifically provided in this paragraph. Outside counsel for a party may retain documents or information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by another person or entity only to the extent that the designated document or information comprises or is included in: pleadings; court filings; correspondence; demonstratives and exhibits used in court; court transcripts; deposition transcripts (including deposition exhibits); written discovery responses; expert reports; and attorney notes or drafts. Except as otherwise provided in this paragraph:

> (a)    Each party will either destroy or return the originals of all designated documents and things produced by another person or entity to that person or entity no later than sixty (60) calendar days after conclusion of this action; and

> (b)    Each party will destroy all other documents and things consisting of or including designated information, except deposition transcripts and exhibits, no later than sixty (60) calendar days after conclusion of this action. For example, materials to be destroyed include, but are not limited to, working copies of documents produced by another party. Within fifteen (15) days following completion of

17

destruction, the party will certify in writing that the materials have

been destroyed, specifying the date on which destruction was

completed. Each party and its outside counsel will be responsible for

retrieving and destroying all designated materials provided to

consultants or experts.

It is SO STIPULATED.

DATED: July 31, 2008

Michael Aschen
**ABELMAN, FRAYNE & SCHWAB,**
666 Third
New York, NY  10017
labelman@lawabel.com
212.949.9022 (phone)
212.949.9190 (fax)

Christopher J. Sorenson
Kristine M. Boylan
Elizabeth A Zidones
**Merchant & Gould P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
612.332.5300 (phone)
612.332.9081 (fax)

Keith E. Sharkin
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY  10036
ksharkin@kslaw.com
212.556.2100 (phone)
212.556.2222 (fax)

18

ORDER

IT IS SO ORDERED.

DATED: August _7_, 2008

HON. LAWRENCE M. MCKENNA
United States District Judge